**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

DONALD PAUL WILSON,

    Plaintiff,

v.

WARDEN STANLEY WILLIAMS; UNIT
MANAGER BRIAN CHAMBERS; and
COMMISSIONER BRIAN OWENS,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-11

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed an action, as amended, pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. Under the PLRA, Plaintiff is a "frequent filer" and, therefore, must pay the filing fee before proceeding with this action. Accordingly, the undersigned **VACATES** the Order dated February 27, 2015, (doc. 6), is **VACATED** and Plaintiff's Motion to Proceed *In Forma Pauperis*, (doc. 4), is **DENIED**. It is my **RECOMMENDATION** that Plaintiff's Complaint, as amended, be **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(g). It is also my **RECOMMENDATION** that Plaintiff's request for injunctive relief be **DENIED**.

PLAINTIFF'S ALLEGATIONS

In his Complaint, which was signed on February 4, 2015, Plaintiff asserts he was placed in a solitary confinement cell which had been sprayed heavily with mace or pepper spray on January 16, 2015.[1] (Doc. 1, p. 1.) Plaintiff contends he was left in the cell for four (4) days, and he was allowed to come out for a fifteen-minute shower but was placed back into this cell without it being cleaned. Plaintiff maintains he was coughing and sneezing, he had difficulty breathing, and his eyes were burning. Plaintiff also maintains that he has severe allergies and diabetes but was not given any medical treatment. (Id.) Plaintiff asserts these actions were done as a direct result of Deputy Warden Bobbit telling Plaintiff on January 15, 2015, that he knew the United States Attorney's Office in Savannah, Georgia, was involved in a serious crime Plaintiff reported, and it was clear Bobbit "was not happy". (Id. at p. 2.) Plaintiff avers he tried to tell Bobbit that he was in prison on false charges because he was going to report corrupt officials to an Assistant United States Attorney, but Bobbit did not want to hear his statements. (Id.) Plaintiff contends he was placed in solitary confinement on December 31, 2014, even though he had not violated any rules, "to set the stage for the aggravated assaults on me." (Id. at p. 3.)

In his first Amended Complaint, which was filed on February 10, 2015, Plaintiff asserted he learned on February 5, 2015, that he could not be transferred to work release, as required by the Board of Pardons and Paroles.[2] (Doc. 3, p. 1.) According to Plaintiff, it is clear Chief

---

[1] Kelvin Chappell, who is also an inmate at Georgia State Prison, filed an affidavit on Plaintiff's behalf. (Doc. 15.) In his affidavit, Chappell stated an inmate other than Plaintiff was sprayed with mace in this cell before Plaintiff was placed in the cell. (Id. at p. 2.)

[2] To say Plaintiff has inundated the Court with frivolous pleadings is an understatement. Plaintiff filed nine (9) Motions to Amend and/or Amended Complaints. (Docs. 3, 5, 7, 12, 14, 17, 18, 20, 22.) The pleadings contain the same type of rambling allegations as Plaintiff's original pleading, and these pleadings also contain allegations concerning events which allegedly occurred after Plaintiff signed his Complaint and first Amended Complaint and are unrelated to the contentions set forth in his original Complaint. Because Plaintiff is a "three striker" within the meaning of Section 1915(g), the Court's focus

2

Counselor Smith, Counselor Herndon, and Deputy Warden Brewton conspired with other prison officials to punish Plaintiff for "being a federal witness against violent sex predator Lewis Lane, for interstate terroristic threats to commit rape." (Id. at p. 2.) Plaintiff contends that prison officials are "guilty of several counts of aggravated assault with mace against the Plaintiff." (Id.) Plaintiff asserts he amended his Complaint to add a whistleblower cause of action. Plaintiff also asserts he "is in prison because he is a former federal witness for FBI Agent Mike Clarke and Asst. U.S. Attorney Pete Peterman, and was going to report Butts County Officials to FBI-Macon, and U.S. Atty. Pete Peterman, for armed robbery, drug traficing(sic), RICO, etc." (Id. at pp. 5–6.)

## DISCUSSION

**I.  Section 1915(g)**

As noted above, when reviewing a civil action filed by a prisoner, this Court must ensure that the plaintiff has complied with the mandates of the PLRA. Pertinently, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998). The Eleventh Circuit upheld the constitutionality of

---

is on whether he was in imminent danger of serious physical injury at the time he filed his Complaint. Thus, the Court need not address the allegations contained in Plaintiff's remaining eight (8) amendments. Plaintiff also filed four (4) Motions for Extraordinary Relief and two (2) Motions for Recusal of the undersigned. (Docs. 10, 21, 23, 24, 25, 26.) These Motions are **DISMISSED** as moot, given the recommendations contained herein.

Section 1915(g) in Rivera. In so doing, the Court concluded that Section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721–27.

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under Section 1915(g): Wilson v. Barrett, 1:98-cv-2646-MHS (N.D. Ga. June 8, 1999) (failure to state a claim); Wilson v. Prior, 5:01-cv-16-HL (M.D. Ga. Jan. 11, 2011) (dismissed as frivolous); and Wilson v. Jones, 1:02-cv-767-JTC (N.D. Ga. Mar. 27, 2002) (failure to state a claim).[3] Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g).

Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he signed his Complaint on February 4, 2015, or his first Amended Complaint on February 5, 2015. In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Eleventh Circuit, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

---

[3] Plaintiff has also filed at least two (2) causes of action which were dismissed based on his failure to follow a court order, Wilson v. Fulton Cty., Ga., 1:98-cv-209-MHS (N.D. Ga. Mar. 23, 1998), and Wilson v. Russell, 1:98-cv-1603-MHS (N.D. Ga. June 21, 1999). These cases also constitute "strikes" pursuant to Section 1915(g). See Henderson v. Morales, No. CV312-092, 2012 WL 5473057, at *2 & n.7 (S.D. Ga. Oct. 10, 2012) (counting the plaintiff's prior dismissal for failing to comply with court orders as a strike, as such action falls under the category of "abuse of the judicial process," which the Eleventh Circuit has deemed "strike-worthy").

4

Even accepting Plaintiff's allegations as true, he does not set forth any facts indicating he was in *imminent* danger of *serious* physical injury at the time he filed his Complaint or his Amended Complaint. Consequently, Plaintiff should not be considered to meet the exception to the three strikes rule, and Plaintiff's Complaint, as amended, should be **DISMISSED**, without prejudice, on this basis.

## II.     Injunctive Relief Request

Plaintiff has also requested an injunction and/or a restraining order. (Doc. 1, p. 4.) According to Plaintiff, Defendants should be ordered to stay 25 feet away from him at all times, to not force him to participate in Tier II programs, and to not move him from his current cell. (Id. at pp. 4–5.)

To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to an injunction. Specifically, Plaintiff should not be permitted to proceed, at this time, on the merits of his claims. To the extent Plaintiff's request is a Motion for Injunctive Relief, his Motion, (doc. 1), should be **DENIED**.

**III.    Leave to Proceed *In Forma Pauperis* on Appeal**

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Fed. R. App. R. 24(a)(1)(A) ("A party who was permitted to proceed *in forma pauperis* in the district-court action, . . ., may proceed on appeal *in forma pauperis* without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]"). An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[4]  A Certificate of Appealability ("COA") is not required to file an appeal in a Section 1983 action. See Fed. R. App. P. 3 & 4; Morefield v. Smith, No. 607CV010, 2007 WL 1893677, at *1 (S.D. Ga. July 2, 2007) (citing Mathis v. Smith, No. 05-13123-A (11th Cir. Aug. 29, 2005) (unpublished)).

Based on the above analysis, Plaintiff's potential *in forma pauperis* status on appeal should be **DENIED**, as there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith.

CONCLUSION

Based on the foregoing, the Order dated February 27, 2015, (doc. 6), is **VACATED** and Plaintiff's Motion to Proceed *In Forma Pauperis*, (doc. 4), is **DENIED**. Plaintiff's Motions, (docs. 10, 21, 23, 24, 25, 26), are **DISMISSED** as moot. It is my **RECOMMENDATION** that Plaintiff's Complaint, as amended, be **DISMISSED**, without prejudice. If Plaintiff wishes to proceed with this action, he should be required to submit a complaint along with the full filing fee. It is also my **RECOMMENDATION** that Plaintiff's request for injunctive relief be **DENIED**.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity

requirement set out above will not be considered by a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 4th day of September, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA