## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

DONALD PAUL WILSON,

        Plaintiff,

        v.

WARDEN STANLEY WILLIAMS; UNIT
MANAGER BRIAN CHAMBERS; and
COMMISSIONER BRIAN OWENS,

        Defendants.

CIVIL ACTION NO.: 6:15-cv-11

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated September 4, 2015. (Doc. 27.) The Magistrate Judge determined Plaintiff is a "three striker" within the meaning of 28 U.S.C. § 1915(g), and he failed to meet the imminent danger exception to that statute allowing him to proceed with this cause of action without first paying the requisite filing fee. (Doc. 27, pp. 3–5.) Rather than responding to and attacking the findings and recommendations of the Magistrate Judge, Plaintiff chose to attack the Magistrate Judge, as well as other Judges in this District and in the Middle District of Georgia. (Doc. 28, pp. 2–4.) Plaintiff's Objections largely are unresponsive to the Report and Recommendation and are without merit.

The Court notes Plaintiff filed several Motions after the Magistrate Judge issued his Report. Among these Motions is a Motion for Injunctive Relief, (doc. 29), in which Plaintiff contends the State Board of Pardons and Paroles rescinded his granted liberty interest by rescinding its previous decision and giving him a new tentative parole month. This contention

does not bear upon the Report and Recommendation, because it does not reveal that Plaintiff was in imminent danger at the time he filed his Complaint on February 4, 2015.

Plaintiff attempts to meet the imminent danger exception to Section 1915(g) by stating Deputy Warden Bobbitt came to his cell on September 10, 2015, with tactical squad members in an attempt to "provoke, intimidate, lure, bait, and entrap" him into a physical confrontation. (Doc. 30, p. 2.) According to Plaintiff, this was done as an excuse for prison officials to "assault" him "due to [the] prejudiced, biased, oppressive tyrant" Magistrate Judge's "vile/vindictive order delivered on September 8, 2015[,] to the prison." (Id.) Once again, Plaintiff fails to show he was in imminent danger of serious physical injury at the time he filed his Complaint to permit him to proceed without first paying the fee associated with the filing of a Section 1983 cause of action.

Plaintiff has also sought the recusal of the Magistrate Judge, Chief Judge Lisa Godbey Wood[1], and the undersigned. (Doc. 34, p. 4.) "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test of whether a judge should be recused under this section is whether "'an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004) (quoting United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003)). Both the Magistrate Judge and the undersigned relied on relevant case law and statutes in disposing of Plaintiff's Complaint, and an objective lay observer could not doubt the Magistrate Judge's and the undersigned's impartiality. In addition, Plaintiff did not submit an affidavit setting forth any

---

[1] It appears Plaintiff mentions Chief Judge Wood simply by virtue of her position as Chief Judge of the Southern District of Georgia. Chief Judge Wood has had no involvement in the disposition of this cause of action.

facts or reasons he believes the Magistrate Judge or the undersigned may have any prejudice against Plaintiff, as required under 28 U.S.C. § 144. Plaintiff's request for a recusal is, therefore, **DENIED**.

After an independent and *de novo* review of the entire record, the Court **OVERRULES** Plaintiff's Objections. (Doc. 28). The Court **CONCURS** with the Magistrate Judge's Report and Recommendation, and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. Thus, Plaintiff's Complaint is **DISMISSED** and this case is **CLOSED**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal. In addition, Plaintiff's pending motions, (docs. 17, 22, 29, 30, 31, 33, 34, and 36), are **DISMISSED** as moot. Moreover, for the reasons set forth in the Magistrate Judge's Report and Recommendation, Plaintiff is **DENIED** leave to receive *in forma pauperis* status on appeal.

SO ORDERED, this 2nd day of November, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA